# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON O. DAVIS,<br><br>                              Plaintiff,<br><br>vs.<br><br>GUILLERMO VIERA ROSA; KAREN THACKER; JAMIE SAYLOR; THOMAS ALHAMBRA,<br><br>                              Defendants. | Case No.: 3:16-cv-02406-MMA-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>[Doc. No. 8]<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 6] |

Marlon Davis ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a Motion for Reconsideration of this Court's December 5, 2016 Order (Doc. No. 6). Plaintiff claims the Court should have provided Plaintiff the opportunity to amend his pleading. (*Id.* at 1.) Specifically, Plaintiff claims that he is "not an attorney, [he] cannot articulate this complaint correctly and the Court did not understand Plaintiff." (*Id.*) Plaintiff also moves for appointment of counsel (Doc. No. 8).

## I. Procedural History

On December 15, 2016, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint ("Compl.") for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2). (Doc. No. 3.) The Court found that while Fed.R.Civ.P. 15(a)(2) provides that "[t]he court should give leave [to amend] freely when justice so requires," the Court further found that amendment under the circumstances of this case would be futile. (Doc. No. 3 at 6.) On December 16, 2016, Plaintiff filed his Motion for Reconsideration, along with a Motion to Appoint Counsel. (Doc. Nos. 6, 8.)

## II. Plaintiff's Motion for Appointment of Counsel

Plaintiff seeks counsel in this action to assist him because he is "unable to afford counsel" and "counsel would better enable Plaintiff to present evidence and cross examine witnesses." (Doc. No. 8 at 3.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103, quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Applying these factors to Plaintiff's case, the Court **DENIES** his Motion to Appoint Counsel because a liberal construction of his original pleadings shows he is capable of articulating the factual basis for his claims. All documents filed by *pro se* litigants are construed liberally, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings . . . be construed so as to do justice."  The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be a trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex."  *Agyeman,* 390 F.3d at 1103.  Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.   Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration, arguing that the Court should have given him the opportunity to file an amended complaint and states "the Court did not understand Plaintiff."  (Doc. No. 6 at 1.)

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

In Plaintiff's Complaint, he alleges that Defendants should have provided him with housing upon his release from prison.  (*See* Compl. at 3.)  Plaintiff also claimed that Defendants "offered no valid assistance, leaving me to fend for myself after being

incarcerated for such a long time." (*Id.*)  Plaintiff acknowledged that his "elderly aunt" paid for his housing but argues that his housing should have been paid for by his parole agents.  (*Id.* at 4.)

The Supreme Court has held that the Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989).  If Plaintiff were still incarcerated, the State of California would be obligated to provide him housing, but there is no such obligation once he has been released from custody.  *Id.* at 199-200 ("[W]hen the States takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility to his safety and general well-being.") (citations omitted.).

Plaintiff offers no factual support or legal argument for why he should be given leave to amend after the Court has found that amending his pleading would be futile.  While Plaintiff claims the Court did not understand him, he makes no effort to clear up any misunderstanding regarding the nature of his claims.  Moreover, Plaintiff's Motion does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law.  *See Ybarra*, 656 F.3d at 998.

### III. Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel and **DENIES** Plaintiff's Motion for Reconsideration.  The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED**.

DATE: March 6, 2017

HON. MICHAEL M. ANELLO
United States District Judge